**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

ROBERT P. CASTO and MOLLY L. CASTO, individually, and the marital community comprised thereof,

Plaintiff,

v.

SEARS ROEBUCK AND COMPANY,

Defendant.

**Case No.** C06-5152 JKA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the court on Defendant's Motion for Summary Judgement. The court has reviewed and considered all materials submitted in support of and in response to said motion, as well as the files and records herein.

This lawsuit was generated by the termination of plaintiff Robert Casto's employment with defendant. Plaintiffs assert that the termination (1) constituted gender discrimination; (2) was in response to his having filed a worker's compensation claim and therefore retaliatory and in violation of public policy; (3) was a breach of his employment contract; (4) negligently inflicted emotional distress; and (5) constituted a tort of outrage.

Defendant seeks summary judgment of dismissal asserting plaintiff cannot establish the essential elements of any of the aforementioned causes of action.

### **Gender Discrimination**

Assuming for purposes of this motion that plaintiff's employment was "at-will" defendant remains vulnerable to claims in violation of plaintiff's constitutional rights, if a prima facie case can be established.

In order to establish a prima facie case for gender discrimination, plaintiff must establish that he was (1) a

ORDER
Page - 1

member of the protected class; (2) performing satisfactory work in his position; (3) subject to an adverse employment decision; and (4) that persons outside his protected class were treated better. If the plaintiff establishes a prima facie case the burden shifts to the defense to offer a legitimate non-discriminatory explanation for the adverse employment decision (termination). Should defendant meet its burden the plaintiff must then establish that the offered explanation by the defense is pretextual.

There appears to be little dispute that plaintiff has established (1) and (3). Defendant asserts, however, that plaintiff's performance was poor and that the female workers plaintiff suggests received better treatment, in fact did not. Defendant asserts unsatisfactory work performance and the plaintiff offers sufficient evidence to create a question of fact as to whether or not the non-discriminatory explanation is pretextual. **Defendant's Motion for Summary Judgment on plaintiffs' gender discrimination claim is <u>denied</u>.**

## **RETALIATION**

In order to prevail on this cause of action, plaintiff must establish he was terminated in violation of public policy. Retaliation for filing a Worker's Compensation Claim would in fact constitute a violation of public policy. There appears to be no dispute that plaintiff filed a Worker's Compensation Claim. He must also establish, however, that the filing of that claim was the case for his dismissal. As stated above in the gender discrimination claim, defendant posits poor performance as the cause. There remains a question of fact as to the retaliation claim. **Defendant's Motion for Summary Judgment on plaintiffs' retaliation claim is <u>denied.</u>**

## **BREACH OF CONTRACT**

It appears to the court that plaintiff was an "at-will" employee of defendant. Plaintiff asserts that the employee handbook assured him of fair treatment and an agreement to protect him from harassment and discrimination. Defendant alleges that his deposition testimony does not support his contention of reliance on those representations. It appears to the court that there is a sufficient record to rebut the defendants argument for summary judgment at this time. **Defendant's Motion for Summary Judgment on plaintiff's breach of contract is denied.**

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

### **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff asserts that he reported acts of gender discrimination and that they were ignored. He does not however offer evidence that any damage separate and apart from that caused by the allegations of gender discrimination and retaliation occurred. **Defendant's motion for Summary Judgment as to the Negligent Infliction of Emotional Distress claim should be granted.**

### **TORT OF OUTRAGE**

In addition to the rationale for granting the summary judgment for negligent infliction of emotional distress, the court does not believe that plaintiffs' allegations rise to the level of intentional, reckless, extreme, or outrageous. **Accordingly, Defendant's motion for Summary Judgment as to the Tort of Outrage Claim should be granted**.

### **LOSS OF CONSORTIUM CLAIM**

Because the loss of consortium claim of Molly Casto is derivative of her husband's claim , it survives to the extent his claims survive under this order, and is lost to the extent his claims have been dismissed.

Dated this 13th day of July 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold, U.S. Magistrate Judge